(587 P 2d 1279)

No. 50,170

STATE OF KANSAS, *Appellee,* v. KEVIN MANSAW, *Appellant.*

Opinion filed December 22, 1978.

*Michael Lerner,* of Barnett & Lerner, Chartered, of Kansas City, for appellant.

*Thomas L. Boeding,* Assistant District Attorney, *Nick A. Tomasic,* District Attorney, and *Curt T. Schneider,* Attorney General, for appellee.

Before FOTH, C.J., REES and SWINEHART, JJ.

REES, J.: Defendant was convicted of theft (K.S.A. 21-3701). He appeals. We affirm.

Defendant raises two issues on appeal. First, defendant argues the trial court's instruction on the presumption of innocence was inadequate in view of the recent United States Supreme Court decision of *Taylor v. Kentucky,* 436 U.S. 478, 56 L.Ed.2d 468, 98 S.Ct. 1930 (1978).

The trial court instructed the jury in the pattern instruction language found at PIK Crim. 52.02:

"The law places the burden upon the State to prove [the] defendant [is] guilty. The law does not require [the] defendant to prove his innocence. Accordingly, *you must assume that [the] defendant is innocent* unless you are convinced from all of the evidence in the case that [the] defendant is guilty.

"You should evaluate the evidence admitted in this case and determine the innocence or guilt of [the] defendant entirely in accordance with these instructions. The test you must use is this: If you have a reasonable doubt as to the truth of the claims made by the State, you should find [the] defendant not guilty. If you have no reasonable doubt as to the truth of them, you should find [the] defendant guilty." (Emphasis supplied.)

The word "assume" used in the instruction has been held to be substantially synonymous with the word "presume." *State v. Taylor,* 212 Kan. 780, 785, 512 P.2d 449 (1973). Two recent cases have examined PIK Crim. 52.02 and found it sufficient, although different arguments were presented and considered. *State v. Glazer,* 223 Kan. 351, 360, 574 P.2d 942 (1978); *State v. Stuart and Jones,* 223 Kan. 600, 603-604, 575 P.2d 559 (1978).

*Taylor* does nothing to invalidate PIK Crim. 52.02. In *Taylor,*

the trial court failed to instruct the jury on the presumption of defendant's innocence. The opinion notes that an instruction on reasonable doubt alone, without an instruction on the presumption of innocence, does not always suffice.

"While the legal scholar may understand that the presumption of innocence and the prosecution's burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on the presumption of innocence." *Taylor v. Kentucky,* 436 U.S. at 484.

The Supreme Court concluded that "on the facts of this case" the refusal to give an instruction on the presumption of innocence denied defendant a fair trial in violation of the due process clause of the Fourteenth Amendment. *Taylor v. Kentucky,* 436 U.S. at 490.

*Taylor* is distinguishable on its facts. Here the jury was properly instructed on the presumption of innocence. Although the particular phrase "presumption of innocence" was not used, such is not constitutionally mandated. *Taylor v. Kentucky,* 436 U.S. at 485.

Defendant points out that his requested instruction was identical to the requested instruction in *Taylor* which was held to be erroneously refused and that his requested instruction thus meets the due process standards set out in that case. Concededly, defendant's requested instruction is a correct statement of the law; but, so is PIK Crim. 52.02. The refusal to give a requested instruction which is a technically correct statement of the law does not constitute reversible error. *Kleibrink v. Missouri-Kansas-Texas Railroad Co.,* 224 Kan. 437, Syl. ¶ 6, 581 P.2d 372 (1978).

The other issue raised by defendant is his contention that two elements of the crime of theft, intent to permanently deprive and obtaining and exerting unauthorized control over property, were not sufficiently established by the evidence. We disagree. On appeal the question is whether there is a reasonable inference of guilt when the evidence most favorable to the jury's decision is considered. *State v. Berry,* 223 Kan. 566, Syl. ¶ 3, 575 P.2d 543 (1978).

Witnesses saw the stolen Dodge sports van being driven into a garage shortly before the police arrived. One witness was able to place at least three young men in the garage with the van. When the police arrived, defendant and three others unsuccessfully attempted to flee from inside the garage.

The following rule is applicable to the facts of this case: "Possession by an accused of recently stolen property is sufficient to sustain convictions of burglary and theft where a satisfactory explanation is not given." *State v. Atkinson,* 215 Kan. 139, Syl. ¶ 4, 523 P.2d 737 (1974); *State v. Ritson,* 215 Kan. 742, Syl. ¶ 4, 529 P.2d 90 (1974); see *State v. Jackson,* 222 Kan. 424, 431, 565 P.2d 278 (1977).

Defendant and the others had possession of the stolen van. The theft of the van was reported the same morning defendant was apprehended. No evidentiary explanation of defendant's possession was presented at trial.

Defendant's reliance on *State v. Gobin,* 216 Kan. 278, 531 P.2d 16 (1975), is misplaced. In that case, a conviction of attempted theft was reversed for insufficient evidence. It was found that there was no overt act in perpetration of the crime. Here, property was taken without authorization and was in the possession of defendant at the time of its recovery. The evidence afforded a basis for a reasonable inference of guilt.

Affirmed.