No. 49,072

State of Kansas, *Appellee,* v. Mario Trujillo, *Appellant.*

(590 P.2d 1027)

Opinion filed February 24, 1979.

*Jack E. Dalton,* of Mangan, Dalton, Trenkle & Gunderson, of Dodge City, argued the cause and was on the brief for the appellant.

*Judd Dent,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Mario Trujillo appeals from a jury conviction on aggravated battery of a law enforcement officer (K.S.A. 21-3415).

The evidence at the trial indicates that appellant was observed one evening striking a beer bottle against new cars as he passed through a car lot of an automobile dealership. Diane Charles, an employee of the dealer, testified that she observed appellant striking the cars as he was "staggering all over the place." Miss Charles asked one of the car salesmen to call the police. In response to the salesman's call Officer Ford arrived at the scene and was advised the direction appellant had taken on leaving the premises.

Officer Ford was in police uniform. He began his pursuit of appellant by car. When he caught up with appellant the officer parked his car and walked up to appellant. Appellant continued along the sidewalk. The officer attempted to stop and talk to him but appellant failed to respond. The officer continued his efforts to question him but appellant refused to stop. The officer then took hold of appellant's arm in an effort to have him stop. The appellant's eyes were half closed and the only response to the officer was to say, "Go away, man. You're bothering me. You're harassing me." The appellant jerked away from the officer and proceeded along the sidewalk. At this point Officer Ford advised appellant he was under arrest. The appellant then struck the officer in the face with his fist. The officer took out his nightstick and again advised appellant he was under arrest. The appellant asked, "For what?" Officer Ford responded, "For breaking bottles on cars down at Skaggs Motors." Officer Ford testified at trial that he couldn't remember what happened after this except he remembered hitting appellant with his nightstick.

Two persons witnessed the struggle which followed. The officer forced the appellant to the ground and tried to put handcuffs on him. The appellant grabbed the nightstick and hit the officer. The officer appeared to pass out. He fell away from appellant who then reached for the officer's gun. One of the witnesses grabbed appellant's arm and restrained him until another police officer arrived and finished handcuffing the appellant. Officer Ford received a cut on his head which required four stitches, some loose teeth, sore areas around his jaw and face, and a knot on his elbow. There is no contention that these injuries were not serious enough to be the basis for an aggravated battery.

Before considering the points raised on appeal we note there was considerable delay in the prosecution of this appeal. Two

attorneys were appointed at previous times and both filed affidavits asking permission to withdraw as they believed no prejudicial error had occurred in the trial of the case. Appellant's present counsel was appointed in May, 1978, and proceeded with dispatch. Present counsel has done a careful and thorough job in raising trial errors and we compliment him on his service as appellant's assigned counsel.

The first point raised concerns the failure of the trial court to instruct on simple battery (K.S.A. 21-3412) as a lesser included offense. The trial court properly submitted an instruction on simple battery of a law enforcement officer (K.S.A. 21-3413). There was no issue raised at the trial concerning the identification of the victim as a police officer. He was in uniform. He identified himself to the appellant. A trial court is not required to instruct on a lesser offense of the crime charged if the evidence at the trial excludes a theory of guilt on the lesser offense. *State v. Lora,* 213 Kan. 184, 195, 515 P.2d 1086 (1973); *State v. Corn,* 223 Kan. 583, 591, 575 P.2d 1308 (1978).

Next the appellant argues the officer was making an illegal arrest and therefore was not engaged in the performance of his duty as required by K.S.A. 21-3415. Even though an arrest may be technically illegal, as for lack of probable cause, the police officer in attempting the arrest in answer to a citizen's complaint of a felony is engaged in the performance of his duty. *Cf., State v. Rodriguez,* 484 S.W.2d 203 (Mo. 1972). See also *State v. Coleman,* 224 Kan. 447, 580 P.2d 1329 (1978). The question of whether a police officer is engaged in the performance of his duties is not dependent upon whether his actions are reasonable or probable in retrospect.

In any event there is no showing that the arrest was illegal. Criminal damage to property as proscribed in K.S.A. 21-3720 is a felony if the property is damaged to the extent of $50.00 or more. When appellant refused to stop after his arrest was announced, he pulled away from Officer Ford. At that point the officer had reason to arrest him for resisting arrest.

Appellant complains of the court's instruction on the presumption of defendant's innocence. The following instruction taken from PIK Crim. 52.02 was given:

"The law places the burden upon the State to prove the defendant is guilty. The law does not require the defendant to prove his innocence. Accordingly, you must

assume that the defendant is innocent unless you are convinced from all of the evidence in the case that he is guilty.

"You should evaluate the evidence admitted in this case and determine the innocence or guilt of the defendant entirely in accordance with these instructions. The test you must use is this: If you have a reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant not guilty. If you have no reasonable doubt as to the truth of any of them, you should find the defendant guilty."

This instruction was approved in *State v. Taylor,* 212 Kan. 780, 784, 512 P.2d 449 (1973); and *State v. Wilkins,* 215 Kan. 145, 523 P.2d 728 (1974). PIK Crim. 52.02 is a correct statement of the law on the burden of proof, presumption of innocence, and the test of reasonable doubt to be applied in criminal trials.

In addition the appellant questions the sufficiency of the above instruction on the basis of *Taylor v. Kentucky,* 436 U.S. 478, 56 L.Ed.2d 468, 98 S.Ct. 1930 (1978). The Kansas Court of Appeals had occasion to consider this matter in *State v. Mansaw,* 3 Kan. App. 2d 19, 587 P.2d 1279 (1978). That court's analysis appears sound. We adopt the reasoning found in said case and reject appellant's argument.

The next point raised concerns jury instructions. Appellant contends the trial court erred in failing to instruct the jury that if there is a reasonable doubt as to which of two or more degrees of an offense he is guilty, he may be convicted of the lowest degree only. Such an instruction is suggested in PIK Crim. 68.09 (1975 Supp.) when instructions are to be given on lesser included offenses. This is generally recognized as a correct statement of the law. See 4 Wharton's Criminal Procedure § 545, p. 32 (12th ed. 1976); and 23A C.J.S., Criminal Law § 1289. This rule of law is recognized and codified by K.S.A. 21-3109 which reads:

"A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt as to his guilt, he must be acquitted. *When there is a reasonable doubt as to which of two or more degrees of an offense he is guilty, he may be convicted of the lowest degree only.*" Emphasis supplied.

Accordingly we hold when it is necessary and proper to instruct the jury on lesser included offenses the jury should be further instructed that when there is a reasonable doubt as to which of two or more degrees of an offense the defendant is guilty, he may be convicted of the lowest degree only. In the present case the charge was aggravated battery of a law enforcement officer. An instruction was properly given on simple battery of a law en-

forcement officer. It was a crime necessarily proved if the crime charged was proved. See K.S.A. 21-3107(2)(*d*). The jury should have been instructed that if it had a reasonable doubt as to which of two or more degrees of the offense the defendant is guilty, he may be convicted of the lowest degree only. It was error for the court to fail to give the instruction; however, at the trial of the case no request was made for such an instruction. The instructions given were not clearly erroneous and the appellant cannot predicate reversible error on a question which was not presented to the trial court. K.S.A. 22-3414(3); *State v. Scott,* 210 Kan. 426, 434, 502 P.2d 753 (1972).

The appellant claims it was error in this case for the trial court to instruct the jury on criminal injury to persons under K.S.A. 21-3431 (since repealed). The instruction was given as a lesser included offense. The statute proscribing said crime was declared unconstitutional as being impermissibly vague. *State v. Kirby,* 222 Kan. 1, 563 P.2d 408 (1977). The trial court clearly erred in giving the instruction but since appellant was not found guilty under that statute the appellant can hardly demonstrate prejudice. It was not reversible error.

Appellant contends it was error for the trial court not to instruct on the lesser offenses in the order of severity. The jury was not otherwise advised of which lesser offense was the more serious. As a matter of practice a trial court should instruct on lesser included offenses in the order of severity beginning with the offense with the most severe penalty. However, this is so in the interests of promoting an orderly method of considering the possible verdicts. The conviction in this case was on the crime charged. It is difficult under such circumstances to see how appellant was prejudiced by instructions on lesser included offenses.

Appellant contends it was error for the trial court to refuse to sequester witnesses prior to voir dire examination. Separation of witnesses at trial is a matter committed to the sound discretion of the trial court. *State v. Freeman,* 223 Kan. 362, Syl. ¶ 7, 574 P.2d 950 (1978). No abuse of discretion appears.

For the next point appellant claims error for failure of the trial court to require the court reporter to make a record of the voir dire examination of the jurors and of the closing arguments of counsel. It appears to have been the practice in that judicial district to omit

reporting these unless specifically requested by the attorneys. (We were advised at oral argument, however, that this has now been corrected.) Because of the incomplete record available from the court reporter appellant asserts a right to a new trial per se. The inability of the State to provide a complete transcript of the trial proceedings does not entitle a defendant to a new trial per se. *State v. Jefferson,* 204 Kan. 50, Syl. ¶ 1, 460 P.2d 610 (1969). Before appellant has a right to a new trial on this ground he must demonstrate inability to reconstruct the missing portion of the record and a good faith effort to do so. In addition he must establish that the failure to reconstruct the same precludes effective appellate review of issues of a possible prejudicial nature. *State v. Stafford,* 223 Kan. 62, Syl. ¶ 1, 573 P.2d 970 (1977). The procedure for obtaining a reconstructed record is set out in Supreme Court Rule 3.04 (223 Kan. xxxv). The appellant fails to demonstrate an attempt to obtain a secondary statement of the record. The mere conclusory statement that counsel has been unable to fit the pieces together so as to agree on the missing portion of the record is not sufficient to justify a new trial.

The next complaint is that appellant's counsel was unduly limited in questioning the jurors on voir dire examination. If this be true the limitations of the record make review of the complaint impossible. However, supervision over voir dire examination of the veniremen and control over the nature and extent of questioning are matters necessarily left to the sound discretion of the trial court. *State v. Darling,* 208 Kan. 469, Syl. ¶ 6, 493 P.2d 216 (1972). The general allegations alone are insufficient to justify granting a new trial on such discretionary matters.

It is next argued the trial court erred in limiting the defendant to five minutes in which to consider and make his peremptory challenges. No objection was made at trial and appellant fails to show how he was prejudiced thereby.

It is further argued there was error in impaneling only twenty-four jurors for cause. Aggravated battery of a law enforcement officer is a Class B felony which entitles the defendant and the State to eight peremptory challenges each. K.S.A. 22-3412. Parties are free to waive any or all of their peremptory challenges. See K.S.A. 22-3412(2). Defendant expressed satisfaction with the jury prior to the swearing in. Defendant affirmatively waived further

peremptory challenges by expressing his satisfaction with the jury before it was sworn.

After carefully examining the above and all other points raised by the appellant we find no prejudicial error. Judgment affirmed.