No. 52,209

STATE OF KANSAS, *Appellee,* v. PAUL BEHLER, *Appellant.*

(634 P.2d 1071)

Opinion filed October 23, 1981.

*Martin J. Asher,* of O'Keefe, Ball, O'Keefe & Lacey, of Atchison, argued the cause, and *Maurice P. O'Keefe, Jr.,* of the same firm, was with him on the brief for the appellant.

*Gunnar A. Sundby,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant, Paul Behler, was convicted of aggravated battery (K.S.A. 21-3414). The case arose out of a fight which occurred in the parking lot of a tavern at Atchison. The victim, Vincent Bailey, received blows to the side of the head which caused serious injury. The defendant, although admitting that he participated in the fight, claimed self-defense. From the evidentiary record, it is clear that a bona fide factual dispute existed on the issue of self-defense. Following his conviction, the defendant appealed to the Court of Appeals which affirmed in an unpublished opinion.

The defendant petitioned to this court for review of the Court of Appeals decision, raising only one basic issue: That the trial court committed prejudicial error during the voir dire examination by continuously rebuking defense counsel in front of the jury for suggesting to the jury that the State had the burden of proving the defendant guilty beyond a reasonable doubt. We granted review on that sole issue.

The record discloses that, at the beginning of voir dire, defense counsel was allowed to ask the following question without any interruption from the court:

"In this case the State has to prove my client guilty beyond a reasonable doubt. Now, if you would feel that the state has not proven my client guilty beyond a reasonable doubt of every material element of the crime, would you vote for not guilty?"

Later during voir dire examination the trial court had a change of heart and the following colloquy took place between the court and defense counsel:

"MR. O'KEEFE: Now, in this case the State has to prove my client, Paul Behler, guilty beyond a reasonable doubt, and after listening —

"THE COURT: (Interrupting) Mr. O'Keefe, you're not going to instruct the jury, I hope.

"MR. O'KEEFE: No, I'm not trying to, your Honor. I'm just asking a question.

"THE COURT: Then state it correctly. *It's not beyond a reasonable doubt.*

"MR. O'KEEFE: Well, if your Honor please, —

"THE COURT: (Interrupting) Well, it's not.

"MR. O'KEEFE: Well, —

"THE COURT: (Interrupting) Don't argue that point with me.

"MR. O'KEEFE: If your Honor please, that's been the general principle and rule of law.

"THE COURT: I understand. That's the reason we don't let you discuss it with the jury is because *it's been changed.*

"MR. O'KEEFE: Well, I know about the change as far as what the belief is and so forth, but the general rule of law — and the Court will instruct the jury — and all the instructions I've ever had — I've had three or four criminal cases —

"THE COURT: (Interrupting) You'll do me a lot of favor if you don't argue with me because we do not instruct that it's beyond a reasonable doubt.

"MR. O'KEEFE: Well, if your Honor please, that's in the —

"THE COURT: (Interrupting) If you can't — if you don't state it the way it is, I don't want you talking about it. If you have no reasonable doubt, it was not beyond a reasonable doubt. It's if you have no reasonable doubt.

"MR. O'KEEFE: If your Honor please, —

"THE COURT: (Interrupting) There's the instruction.

"MR. O'KEEFE: I know the instruction, your Honor, but the general rule of law — and this Court itself has instructed people numerous times that the State has the burden of proving the defendant guilty beyond a reasonable doubt. That's the instructions all over the country.

"THE COURT: That's not the instruction.

"MR. O'KEEFE: That's the rule of law.

"THE COURT: Mr. O'Keefe, we won't discuss it in front of this panel. It's not the instruction that I give or have ever given.

"MR. O'KEEFE: We want to — we just want to make a proffer of proof that we should be entitled to ask the question that as a general rule of law, a principle from the United States Supreme Court, that it's been enunciated numerous times on

down through our district court, that the State has the burden of proving the defendant guilty beyond a reasonable doubt.

"THE COURT: So there is no reasonable doubt.

"MR. O'KEEFE: Okay.

"THE COURT: Now, if you want — you want to talk about it, you talk about it in the terms of the instruction that will be given; not what your idea of it is." (Emphasis supplied.)

The defendant maintains, in substance, that he was denied a fair trial because the trial court did not allow defense counsel to question the jury on the basic principle of law that in a criminal case the State has the burden of proving the defendant guilty "beyond a reasonable doubt." He further contends that, as a result of defense counsel being rebuked by the court before the jury, counsel's credibility was destroyed, thus denying defendant the effective assistance of counsel.

The prosecutor contends, in substance, that the rebuke of defense counsel by the trial court did not constitute reversible error. He points out that the trial court has a broad discretion in controlling voir dire examination by counsel. He further maintains that the trial court simply sought to require defense counsel to use the language of PIK Crim. 52.02 as the standard by which the State must establish the guilt or innocence of the defendant and that defense counsel was properly restricted to the language used in that instruction. PIK Crim. 52.02 provides:

PIK "52.02  Burden of Proof, Presumption of Innocence, Reasonable Doubt

"The law places the burden upon the State to prove the defendant is guilty. The law does not require the defendant to prove his innocence. Accordingly, you must assume that the defendant is innocent unless you are convinced from all of the evidence in the case that he is guilty.

"You should evaluate the evidence admitted in this case and determine the innocence or guilt of the defendant entirely in accordance with these instructions. The test you must use is this: If you have a reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant not guilty. If you have no reasonable doubt as to the truth of any of them, you should find the defendant guilty."

This instruction has been consistently approved by this court. *State v. Lovelace,* 227 Kan. 348, 607 P.2d 49 (1980); *State v. Trujillo,* 225 Kan. 320, 590 P.2d 1027 (1979).

In *State v. Curtis,* 217 Kan. 717, 724, 538 P.2d 1383 (1975), the trial court restricted defense counsel's argument within the language of PIK Crim. 52.02, when defense counsel attempted to argue in his summation that the State had the burden of proving

the defendant guilty "beyond a reasonable doubt." The district court did not permit counsel to use the phraseology "beyond a reasonable doubt." However, counsel was permitted to tell the jury that the State had the burden of proving to its satisfaction that no reasonable doubt exists and that the jury could not convict if a reasonable doubt did exist in the minds of the jurors. On appeal, it was observed that the trial court may have been overly technical in confining counsel's argument so strictly within the words of the instruction. However, it was held that there is no practical difference in the effect or meaning of the terminology in question. Telling the jury that it cannot convict if a reasonable doubt remains as to any of the claims made by the State conveys the same meaning as to burden of proof as requiring proof beyond a reasonable doubt. The conviction in *Curtis* was affirmed.

We have concluded, from all the circumstances shown in the record, that this case should be reversed and a new trial granted. Here the trial court, in its colloquy with defense counsel during voir dire, made the statement in front of the jury that the burden on the State is not to prove guilt beyond a reasonable doubt because the rule has been changed. This is not correct. Furthermore, in our opinion, the manner in which defense counsel was castigated in front of the jury was unfair to counsel, especially in view of the fact that the short trial was concluded within a period of one day, and defense counsel did not have an opportunity to rehabilitate himself in front of the jury. Also, since the trial court permitted counsel to use the words "beyond a reasonable doubt" at the beginning of voir dire, it must have been confusing to the jurors for the court to rebuke counsel later for using the same words.

There has been some misunderstanding around the state as to the right of defense counsel to use the phraseology "beyond a reasonable doubt" on voir dire examination and during his summation. This terminology has been used by defense counsel in criminal cases throughout our judicial history. Furthermore, the phraseology "beyond a reasonable doubt" is consistently used by this court in weighing the sufficiency of evidence presented at trial to sustain a conviction. In *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979), it was held that in a criminal action where the

defendant contends that the evidence at trial is insufficient to sustain a conviction the standard of review on appeal is:

"Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt?" Syl. ¶ 6.

This same rule was applied by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979). In most of the districts throughout Kansas, the trial judges properly permit defense counsel to use the phraseology "beyond a reasonable doubt" during voir dire examination and in their summation. Certainly, members of the public are more familiar with this phraseology.

We hold that the trial court should have permitted counsel to use the phraseology "beyond a reasonable doubt" in voir dire examination and during his summation. We further hold that it was reversible error under all the circumstances for the trial court to castigate defense counsel in front of the jury.

The judgment of the Court of Appeals is reversed. The judgment of the district court is reversed and the case is remanded to the district court with directions to grant the defendant a new trial.

McFARLAND, J., dissenting.