(149 P.3d 869)
No. 95,117

STATE OF KANSAS, *Appellee*, v. MARIO MERRILLS, *Appellant*.

Opinion filed January 12, 2007.

*Carl F.A. Maughan*, of Maughan Hitchcock LC, of Wichita, for the appellant.

*Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before MCANANY, P.J., PIERRON, J., and BRAZIL, S.J.

PIERRON, J.: This is an appeal following the trial court's resentencing of Mario Merrills upon remand from this court. Merrills challenges the court's rejection of his objection to his criminal history and its decision to impose consecutive sentences.

Following a jury trial, Merrills was convicted of aggravated robbery and attempted second-degree murder. The trial court imposed an upward durational departure sentence of 494 months' imprisonment for aggravated robbery; this sentence was double the high number in the applicable grid box. The court imposed a presumptive sentence of 61 months for attempted second-degree murder. The court ordered the sentences to run concurrently for a controlling prison term of 494 months.

Merrills appealed his conviction and sentence, arguing, *inter alia*, his sentence was unconstitutional because the trial court imposed an upward durational departure sentence without the facts supporting the departure having been proven beyond a reasonable

doubt to a jury as required by *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). A panel of this court agreed and held Merrills' sentence was unconstitutional. *State v. Merrills*, No. 87,401, unpublished opinion filed March 5, 2004, *rev. denied* 278 Kan. 850 (2004). Accordingly, this court vacated Merrills' sentence and remanded the case "for resentencing on the aggravated robbery count, which resentencing shall be in line with the strictures laid down by *Apprendi* and *Gould*." Slip op. at 14.

At resentencing, Merrills unsuccessfully objected to his criminal history score of A, arguing it improperly included juvenile adjudications. The trial court denied Merrills' motion for a downward durational departure, choosing instead to impose the presumptive high sentence of 247 months for aggravated robbery. Merrills' sentence for attempted second-degree murder remained 61 months. However, this time, the court ordered Merrills' sentences to run consecutively for a controlling sentence of 308 months.

Merrills claims the trial court erred in overruling his objection to his criminal history score, arguing the court improperly considered his juvenile adjudications as criminal history for the purpose of enhancing his sentence. For support of his argument, Merrills cites *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), *Apprendi*, and *Gould*, all for the proposition that the use of a defendant's juvenile adjudication to enhance criminal history violates his or her right to a trial by jury.

As the State correctly notes, a constitutional attack such as the one asserted here presents a question of law which an appellate court reviews de novo. See *State v. Hitt*, 273 Kan. 224, 226, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003).

In Merrills' brief, he fails to acknowledge *Hitt*, a case that clearly controls this issue, although he did acknowledge it at oral argument. In *Hitt*, the Kansas Supreme Court explicitly rejected the same argument Merrills asserts here, holding:

"*Apprendi* created an exception allowing the use of a prior conviction to increase a defendant's sentence, based on the historical role of recidivism in the sentencing decision and on the procedural safeguards attached to a prior conviction. Juvenile adjudications are included within the historical cloak of recidivism

and enjoy ample procedural safeguards; therefore, the *Apprendi* exception for prior convictions encompasses juvenile adjudications. Juvenile adjudications need not be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant's criminal history score under the KSGA." 273 Kan. at 236.

This ruling would seem to answer Merrills' argument that juvenile convictions should not be used as they were not the result of a system which routinely uses jury trials to resolve issues of guilt or innocence.

Although Merrills fails to cite *Hitt*, he relies heavily on *Blakely*. However, there is no indication the United States Supreme Court's decision in *Blakely* has altered the Kansas Supreme Court's holding in *Hitt*. In *Blakely*, the defendant's crime of conviction carried a maximum sentence of 53 months, but a Washington state statute allowed the court to impose a longer sentence upon finding "'substantial and compelling reasons justifying an exceptional sentence.' [Citation omitted.]" 542 U.S. at 299. The trial court imposed an "exceptional sentence of 90 months," and the defendant appealed. 542 U.S. at 300. The Supreme Court reversed, holding the imposition of a 90-month sentence violated the defendant's right to a jury trial under *Apprendi*. 542 U.S. at 313.

Importantly, as the Kansas Supreme Court acknowledged in *State v. Hurt*, 278 Kan. 676, 688, 101 P.3d 1249 (2004), *Blakely* essentially validated *Gould*, in which the Kansas Supreme Court held the imposition of an upward durational departure sentence based on judicial findings of fact violated a defendant's rights to due process and a jury trial. Moreover, *Blakely* did not alter our Supreme Court's analysis rejecting the application of *Apprendi* to Kansas' hard 50 sentencing scheme. See 278 Kan. at 687-88.

This court is duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). There is no such indication here. In fact, the Kansas Supreme Court has declined to overrule *Hitt* despite repeated opportunities to do so. See, *e.g.*, *State v. Limon*, 280 Kan. 275, 307, 122 P.3d 22 (2005); *State v. Carter*, 278 Kan. 74, 82, 91 P.3d 1162 (2004).

Following *Hitt*, this court must hold the trial court did not err in overruling Merrills' objection to his criminal history score.

Next, Merrills challenges the trial court's imposition of consecutive sentences at resentencing, arguing such was "presumptively vindictive."

The State correctly identifies the applicable standard of review. An appellate court will not disturb a criminal sentence that is within statutory limits "absent a showing of abuse of discretion or *vindictiveness on the part of the sentencing court*. [Citation omitted.]" (Emphasis added.) *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003).

As previously stated, the trial court originally imposed concurrent sentences with a controlling term of 494 months due to the court's decision to double Merrills' sentence for aggravated robbery. At resentencing, the court imposed sentences of 247 months for aggravated robbery and 61 months for attempted second-degree murder but ordered them to run consecutively for a controlling term of 308 months.

On appeal, Merrills articulates his argument as follows:

"In the original sentence the sentences for the various counts were run concurrent to one another. It was the doubling of the sentence that was found to be illegal. Accordingly, the legal portion of the sentence imposed during the original sentence was 247 months. When one deletes the illegal portion of the sentence, one is left with a sentence of 247 months. Upon remand the Court chose to run the sentences for the various counts consecutive to one another thereby imposing an overall sentence of 247 months, plus 61 months. As such, the Court enhanced the legal portion of the sentence previously imposed by 61 months. The court did not articulate any reasons for the enhancement of the sentence."

For support of his argument, Merrills relies primarily on *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865, 109 S. Ct. 2201 (1989), and *State v. Rinck*, 260 Kan. 634, 923 P.2d 67 (1996). In *Pearce*, the United States Supreme Court addressed the due process implications of a defendant receiving an increased sentence following a successful appeal and new trial. In this regard, the Court stated due process requires that vindictiveness against a defendant for having suc-

cessfully attacked his or her conviction cannot play a part in the sentence imposed following a new trial. 395 U.S. at 725. Further, the Court held: "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 395 U.S. at 726.

In *Rinck*, the Kansas Supreme Court set aside the increased sentence imposed upon the defendant at resentencing. In doing so, the *Rinck* court relied on *Pearce* in concluding that there is a presumption of vindictiveness where resentencing resulted in seemingly unjustified enhancement of a sentence, and in such a situation, the sentencing judge or prosecutor must rebut the presumption. 260 Kan. at 640-42. However, where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness in order to prevail. 260 Kan. at 641. Under the facts of the case, the court held the defendant's due process rights were violated because no evidence was introduced to rebut the presumption that actual vindictiveness motivated the increased sentence. 260 Kan. at 645.

The Kansas Supreme Court again addressed this issue in *Cooper*, where the defendant originally received a minimum statutory sentence of 3 to 10 years for indecent liberties with a child. Subsequently, the sentence was vacated and the defendant was resentenced consistent with a conviction of aggravated incest, with the trial court again imposing a sentence of 3 to 10 years. This time, however, the sentence represented the *maximum* statutory sentence for aggravated incest.

On appeal, the defendant, like Merrills, relied on *Pearce* and *Rinck* in arguing the sentence imposed at resentencing was presumptively vindictive. The *Cooper* court deemed those cases distinguishable, however, because the defendant's penalty was not increased upon resentencing. 275 Kan. at 829. Ultimately, the court affirmed the defendant's new sentence, holding the defendant failed to affirmatively prove actual vindictiveness. 275 Kan. at 829.

As in *Cooper*, Merrills' reliance on *Pearce* and *Rinck* is unavailing, for the length of Merrills' controlling sentence *decreased* even

though the trial court ordered his sentences to run consecutively. A similar situation occurred in *State v. Heywood,* 245 Kan. 615, 615-16, 783 P.2d 890 (1989), where the trial court ordered the defendant's sentences to run consecutively at resentencing rather than concurrently as originally ordered. Because the defendant's new controlling sentence was less severe than his original sentence, the *Heywood* court found there was no presumption of vindictiveness. 245 Kan. at 620.

Contrary to Merrills' argument, it is evident the sentence imposed at resentencing was not more severe than his original sentence; hence, Merrills was charged with proving actual vindictiveness. Merrills has failed to meet his burden in this regard. Indeed, a review of the resentencing hearing transcript reveals no indication of vindictiveness on the part of the sentencing judge. The judge expressed her belief that the original sentence was appropriate given the heinous nature of Merrills' actions. Because the upward departure sentence was vacated, the judge reexamined the case and concluded the imposition of consecutive sentences was commensurate with Merrills' crimes. This was within the trial court's province and should not be disturbed on appeal.

Affirmed.