NOT DESIGNATED FOR PUBLICATION

No. 119,478

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIO S. MERRILLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed April 26, 2019. Appeal dismissed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Mario S. Merrills appeals the district court's denial of his motion to correct an illegal sentence under K.S.A. 2018 Supp. 22-3504. Merrills claims his sentence imposed on remand in 2004 was illegal. Merrills alleges the district court imposed the high number from the sentencing guideline gridbox based on vindictiveness. On appeal, Merrills misidentifies the issues on a motion to correct an illegal sentence. The district court sentenced Merrills within the sentencing gridboxes of the Kansas Sentencing Guidelines (KSGA). We have no jurisdiction to entertain this appeal and we dismiss it.

1

In 2001, a jury convicted Merrills of attempted second-degree murder and aggravated robbery. Merrills and another man robbed a jewelry store during which the store owner was shot but not killed. The owner affirmatively identified Merrills. The sentencing court imposed an upward durational departure sentence of 494 months for aggravated robbery with a concurrent 61-month sentence for attempted second-degree murder. Merrills filed a direct appeal contesting, among other things, that his upward departure sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001). The Kansas Court of Appeals affirmed his convictions but vacated and remanded his sentence in *State v. Merrills*, No 87,401, 2004 WL 421960 (Kan. App. 2004) (unpublished opinion) (*Merrills I*).

On remand in 2004, the same district court judge resentenced Merrills to consecutive sentences for the attempted second-degree murder and aggravated robbery convictions, resulting in a controlling prison term of 308 months. The district court imposed the aggravated sentences within the presumptive sentencing ranges. At the resentencing hearing, the judge discussed Merrills' shooting of the victim, listening to the 911 tape at trial, believing Merrills intended to kill the victim, and that Merrills thought the victim was dying after shooting him. The judge called Merrills' actions inhuman and cold-blooded.

Merrills appealed again, arguing his criminal history score was incorrect and the sentence was the result of vindictiveness on the part of the sentencing judge. The Kansas Court of Appeals rejected these arguments and affirmed his sentence in *State v. Merrills*, 37 Kan. App. 2d 81, 149 P.3d 869 (2007) (*Merrills II*). Merrills has since filed multiple motions to correct an illegal sentence, but the district court denied all of these motions.

In July 2017, Merrills filed a pro se petition to correct an illegal sentence under K.S.A. 2017 Supp. 22-3504. Merrills alleges the district court judge imposed the aggravated sentence within the sentencing grid because of prejudice, which he claimed the judge justified by exaggerating facts not supported by the record. Merrills amended his petition, arguing the judge's prejudice caused him manifest injustice. The district court denied the petition finding Merrills sought to use K.S.A. 2017 Supp. 22-3504 improperly to either collaterally attack his conviction or to raise issues regarding effective assistance of counsel. We are now tasked with addressing the merits of the district court's decision to deny his motion to correct illegal sentence.

ANALYSIS

*Jurisdiction*

Merrills filed the current petition under K.S.A. 2018 Supp. 22-3504 as an effort to correct an illegal sentence. On appeal, however, Merrills transforms the appellate issue into a jurisdictional question: "Whether this court has jurisdiction to review a guideline sentence when the evidence relied on to impose the upper limit of the grid block is false." Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Merrills cites K.S.A. 2018 Supp. 21-6820(c)(1), and concedes the Kansas Court of Appeals lacks jurisdiction to hear an appeal of a sentence that is within the presumptive sentencing range under the KSGA. He argues "it is an issue of first impression whether this Court has jurisdiction when the upper limit has been imposed based on factors that are not supported by the record." He argues the appellate court should have jurisdiction to reverse a criminal sentence that is within statutory limits if it finds abuse of discretion or vindictiveness on the part of the sentencing court. See *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003).

Merrills misses the point on jurisdiction. The statute is clear and states: "On appeal from a judgment or conviction entered for a felony . . . the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." K.S.A. 2018 Supp. 21-6820(c)(1). K.S.A. 2018 Supp. 21-6820(c)(1) blocks this court's ability to review Merrills' sentence.

Additionally, we note another panel has already addressed the issue of whether Merrills' sentence was the product of vindictiveness. It held the district court did not act vindictively in resentencing Merrills when he directly appealed the sentence in 2007. The panel explicitly stated: "[A] review of the resentencing hearing transcript reveals no indication of vindictiveness on the part of the sentencing judge." *Merrills II*, 37 Kan. App. 2d at 86. The issue of the vindictive sentence was addressed in 2007 and there is no need to revisit the issue.

Appeal dismissed.