NOT DESIGNATED FOR PUBLICATION

No. 121,502

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARIO S. MERRILLS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 7, 2020. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant, and *Mario S. Merrills*, appellant pro se.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: Mario S. Merrills appeals the district court's summary dismissal of his second K.S.A. 60-1507 motion as untimely and successive. Merrills first contends that the order dismissing his motion violated Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 223) because it contained inadequate findings of fact and conclusions of law. In a pro se supplemental brief, Merrills next argues that the district court erred by dismissing his motion because manifest injustice and exceptional circumstances excuse the untimely and successive nature of the motion.

1

Upon our review, we hold the district court's order complied with Supreme Court Rule 183(j) and the district court did not err by summarily dismissing Merrills' K.S.A. 60-1507 motion. Accordingly, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2000, the State charged Merrills with two alternative counts of attempted first-degree murder and two alternative counts of aggravated robbery. One of the alternative counts of attempted first-degree murder was dismissed following a preliminary hearing. At trial, the jury was instructed on attempted first-degree murder and the lesser included offenses of attempted second-degree murder and attempted voluntary manslaughter.

During deliberations, the jury submitted two multipart jury questions to the district court. The jury's first set of questions asked why Merrills was charged with two counts of aggravated robbery and questioned whether the two counts encompassed the same crime. Upon receiving these questions, the district court discussed its proposed answer with the parties on the record. Merrills objected to the district court's proposed answer while conceding that it was a correct statement of the law, and the district court gave the answer over his objection.

Later in its deliberations, the jury asked the district court a second set of questions unrelated to the first. Any discussion between the district court and the parties regarding the jury's second set of questions is not recorded in the trial transcript. However, the questions and district court's answer are contained on a note dated and signed by the presiding juror and district judge, which was filed with the district court on April 10, 2001, and is contained in the record on appeal. This set of jury questions asked:

2

"Reference to Instruction #7

"In the situation of going from one conviction down to a lesser conviction, do <u>all</u> jurors have to agree on having reasonable doubt about the conviction of the higher offense?

"May we have a dictionary please?"

The district court responded: "'No' to both questions."

The jury found Merrills guilty of attempted second-degree murder and aggravated robbery. Merrills filed a motion for new trial and argued, in part, that the district court erred when providing an answer to the jury's "'first question.'" He claimed that the district court should have simply referred the jury to its prior instructions instead of providing the jury with additional instructions. The district court denied Merrills' motion for new trial.

At sentencing, the district court imposed an upward departure sentence of 494 months in prison after finding that Merrills' conduct during his crime manifested excessive brutality to the victim and that he committed perjury at trial.

Merrills filed a direct appeal. On March 5, 2004, our court affirmed Merrills' convictions, but vacated his sentence and remanded for resentencing in compliance with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *State v. Merrills*, No. 87,401, 2004 WL 421960, at *5-6, 8 (Kan. App. 2004) (unpublished opinion). The district court resentenced Merrills to a controlling term of 308 months in prison. On appeal, our court affirmed the new sentence. *State v. Merrills*, 37 Kan. App. 2d 81, 149 P.3d 869 (2007).

In 2008, Merrills filed his first K.S.A. 60-1507 motion and raised four issues relating to medical records admitted at trial which revealed the victim had drugs in his system. The district court summarily denied the motion. On appeal, however, our court

3

remanded the case for an evidentiary hearing. *Merrills v. State*, No. 102,021, 2010 WL 5139879, at *10 (Kan. App. 2010) (unpublished opinion). On remand, the district court held an evidentiary hearing and again denied Merrills' K.S.A. 60-1507 motion. Our court affirmed this denial in *Merrills v. State*, No. 110,409, 2015 WL 1782547 (Kan. App. 2015) (unpublished opinion).

On May 3, 2018, Merrills filed a second K.S.A. 60-1507 motion, which is the subject of this appeal. In his motion, Merrills alleged that he was in a holding cell when the district court addressed the jury's second set of questions during deliberations. Merrills claimed that a witness recently disclosed that his trial attorney told her at trial that the jury had a second question and the district judge entered the jury deliberation room after receiving the question. After hearing the witness' statements, Merrills searched the record of his criminal case to find evidence that corroborated the witness' account. Merrills found that the docket entry sheet documented two jury question filings and his trial attorney's motion for new trial implied the existence of a second jury question since the motion claimed the district court erred in answering the jury's "'first question.'"

Merrills argued in his motion that the district court violated his constitutional right to be present for all critical stages of the trial, the district court failed to record the jury's second set of questions, and the district court compromised the verdict by entering the jury room upon receiving the second set of questions. Merrills also alleged that his trial counsel, his counsel on direct appeal, and his first K.S.A. 60-1507 counsel were ineffective for failing to raise the issues related to the second set of questions. Merrills further claimed that manifest injustice and exceptional circumstances excused his untimely and successive K.S.A. 60-1507 motion because the district court and his trial attorney concealed the second set of questions by failing to inform him of them, and by failing to ensure the court reporter made a record of the questions in the trial transcript.

The district court summarily denied Merrills' second K.S.A. 60-1507 motion, ruling that the issues should have been raised on direct appeal and his motion amounted to a successive K.S.A. 60-1507 motion. The district court also ruled the motion was untimely despite Merrills' assertion that the motion was based on newly discovered evidence. The district court explained that the issue should have been known earlier because the trial transcript and motion for new trial were available to Merrills.

Merrills appeals.

ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW

Merrills contends the district court's order dismissing his second K.S.A. 60-1507 motion violated Supreme Court Rule 183(j) because it contained inadequate findings of fact and conclusions of law. Whether a district court's findings of fact and conclusions of law comply with Rule 183(j) is a question of law over which we exercise unlimited review. *Sherwood v. State*, 310 Kan. 93, 99, 444 P.3d 966 (2019).

The district court's order states:

"Upon review of the movant's petition and memorandum seeking relief pursuant [to] KSA 60-1507[,] [t]he court [determines] that there are no grounds asserted justifying such relief.

"The issue[s] raised are matter[s] that were or should have been raised on appeal. The rulings of the district court at trial were affirmed on the movant's initial appeal[.]

"This constitutes repeated filing pursuant to KSA 60-1507. The movant has no right to such multiple filings.

"This motion is untimely even though the movant attempts to assert that the issue raised in this petition is based on newly discovered information. In fact[,] the movant's reliance upon the transcript of proceedings as well as the trial attorney[']s motion for a new trial referring to the suggested second question belies the movant's assertion that the possible issue was unknown at the time of post trial motions and appeal."

5

As a preliminary matter, we note that Merrills failed to object in the district court to any inadequate findings of fact and conclusions of law. "Generally, litigants and their counsel bear the responsibility for objecting to inadequate findings of fact and conclusions of law in order to give the trial court the opportunity to correct such inadequacies, and, when there is no objection, omissions in findings are not considered on appeal." *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016). Since Merrills failed to object, we may presume the district court found all the facts necessary to support its judgment. 305 Kan. at 618.

Regardless of Merrills' failure to object below, we find the district court's order contained adequate findings of fact and conclusions of law to satisfy Rule 183(j). The rule requires a district court to "make findings of fact and conclusions of law on all issues presented" when ruling on a K.S.A. 60-1507 motion. Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 225). The purpose of Rule 183(j) is to develop a court record that allows for meaningful appellate review of the district court's decision. See *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). But boilerplate journal entries stating only that the motions, files, and records of the case did not show a manifest injustice, or that movant's conclusory allegations did not entitle him or her to relief do not comply with Supreme Court Rule 183(j). *Nguyen v. State*, 309 Kan. 96, 112, 431 P.3d 892 (2018).

In this case, the district court's order adequately conveyed its findings that Merrills' claims were procedurally barred as untimely and successive, and none of Merrills' arguments established an exception to these procedural bars. Although brief, the order was not boilerplate and specifically addressed Merrills' assertion that his claims should be considered because they were based on newly discovered evidence. As a result, the order provides sufficient detail to review Merrill's claims and is clear enough to allow for meaningful review of the district court's legal basis for denying Merrills' motion.

We find the district court's order complied with Supreme Court Rule 183(j).

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is entitled to no relief. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

To avoid the summary dismissal of a K.S.A. 60-1507 motion, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

In his motion, Merrills contends his trial counsel provided ineffective assistance by failing to move for a new trial after the jury's second set of questions was addressed while Merrills was not present and the district judge entered the jury room. Merrills then claims that his counsel on direct appeal and his first K.S.A. 60-1507 counsel were ineffective because they failed to discover the existence of the second set of questions and, as a result, the district court violated his constitutional right to be present for all critical stages of the trial.

Under K.S.A. 2019 Supp. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

To avoid dismissal of a successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from raising the issue in a prior K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304. When determining whether a movant presents exceptional circumstances, we consider whether justice would be served by reaching the merits of the successive motion. *Littlejohn v. State*, 310 Kan. 439, 445-46, 447 P.3d 375 (2019). The merits of a movant's claims may factor into whether a movant has established exceptional circumstances, but the presentation of any colorable claim is not the determining factor regarding whether a successive K.S.A. 60-1507 motion should have an evidentiary hearing on the merits. 310 Kan. at 445-46.

Since Merrills filed a previous K.S.A. 60-1507 motion, he must establish that exceptional circumstances justify the consideration of this successive motion. Merrills claims that exceptional circumstances exist because he was not informed of the second set of jury questions during trial, he recently learned about the questions from a witness, and he would not have searched the record to find evidence of the questions without the recent witness information.

As Merrills suggests, K.S.A. 2019 Supp. 22-3420(d) requires the defendant to be present during the discussion of any written questions presented by the jury, unless the defendant has waived his or her presence. An act or omission that violates K.S.A. 2019 Supp. 22-3420(d) also violates the defendant's statutory right under K.S.A. 2019 Supp. 22-3405(a) and the defendant's constitutional right under the Sixth Amendment to the United States Constitution to be present at every critical stage of the trial. See *State v. Verser*, 299 Kan. 776, 788, 326 P.3d 1046 (2014). If the record is silent regarding whether the defendant was present during a discussion of the jury's question between the judge and the attorneys, then our court presumes the defendant was not present. See *State v. Betts*, 272 Kan. 369, 391, 33 P.3d 575 (2001), *overruled on other grounds by State v. Davis,* 283 Kan. 569, 158 P.3d 317 (2006).

Assuming that Merrills was denied his statutory and constitutional right to be present during a discussion of the second set of questions, he still fails to show that any unusual events prevented him from raising this issue in his first K.S.A. 60-1507 motion. Contrary to Merrills' claims, the existence of the second set of questions has not been concealed from him. The questions and the district court's answers to those questions have been part of Merrills' trial record since 2001. While the witness' disclosures may have caused Merrills to search the record, Merrills fails to allege anything which prevented him from discovering the second set of questions in the record, recognizing he was not present during a discussion of the questions, and raising the issue in his first K.S.A. 60-1507 motion. Accordingly, Merrills fails to show that exceptional circumstances justify the consideration of his claim that he was denied the right to be present during a discussion of the second set of questions.

Although Merrills' K.S.A. 60-1507 motion focused on his absence during a resolution of the jury's second set of questions, we recognize that an examination of the trial record would not have apprised Merrills that the district judge entered the jury room upon receiving the jury's second set of questions. Taking his allegations as true, Merrills was in a holding cell when the district judge entered the jury room, any conversation between the jury and judge was not recorded, and his trial attorney failed to record an objection to any ex parte communication between the judge and the jury. As a result, Merrills' opportunity to raise his claim relating to the district judge's entry into the jury room occurred after the witness' disclosures.

Our Supreme Court has held that ex parte communications between a trial judge and jurors violate a criminal defendant's constitutional right to be present at all critical stages of the trial. *State v. Martinez*, 288 Kan. 443, 450, 204 P.3d 601 (2009). But a violation of a defendant's right to be present at all critical stages of the trial is subject to harmless error analysis. 288 Kan. at 450. Since an ex parte communication between a trial judge and jurors implicates a defendant's constitutional rights, the error is harmless

only if the party benefiting from the error "proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict." *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011).

To determine whether there is a reasonable possibility that an ex parte communication between a trial judge and jurors affected the verdict, our court examines: "(1) the overall strength of the prosecution's case; (2) whether an objection was lodged; (3) whether the ex parte communication concerned a critical aspect of the trial or involved an innocuous and insignificant matter; and (4) the ability of the posttrial remedy to mitigate the constitutional error." *Martinez*, 288 Kan. at 450.

When addressing Merrills' first K.S.A. 60-1507 motion, Judge Christel Marquardt explained, "[t]here was overwhelming evidence against Merrills." *Merrills*, 2010 WL 5139879, at *16 (Marquardt, J., concurring in part and dissenting in part). At trial, it was undisputed that Merrills and Aaron Douglas entered the victim's jewelry store while armed with handguns and Merrills shot the victim. The dispute was whether Merrills acted in self-defense and whether he participated in the robbery of the store.

The victim, Patrick Schaefer, testified that he became suspicious of Merrills and Douglas, who were in the store, and attempted to slowly retreat to the back of the store where he could draw his gun and demand that they leave. But as Schaefer was backing up, Merrills shot him in the upper chest, causing him to fall to the ground. While Schaefer was on the ground, Merrills and Douglas pointed their guns at him and demanded money and jewelry. Schaefer gave the men cash and jewelry, which they placed in a paper sack. Merrills demanded that Schaefer give him any surveillance footage, but Schaefer lied and said the footage was directly transmitted to a security company. Upon hearing this, Merrills and Douglas fled.

10

Detective Philippe Jacob testified about an interview he conducted with Merrills, in which Merrills denied shooting Schaefer. Merrills told Detective Jacob that he went to the jewelry store with Douglas to pick out a ring for his girlfriend and, without any prior knowledge, Douglas pulled out a gun and shot Schaefer. While claiming that Douglas shot the victim, Merrills admitted to robbing the store. After fleeing the store, Merrills explained that he and his accomplices divided the jewelry amongst themselves.

In his defense at trial, Merrills changed the story that he related to Detective Jacob. Merrills testified that he went to the jewelry store to pick out a ring for his fiancée and Schaefer began looking at him suspiciously. Schaefer started backing up and pulled out a gun from his back waistband. Fearing for his life, Merrills said he drew his firearm and shot Schaefer in self-defense. Merrills explained that Schaefer began handing Douglas valuables, despite no command to do so, because Schaefer believed the men were there to rob him. Douglas took advantage of the situation and wanted to take all the valuables in the jewelry store while Merrills pleaded with him to leave. Merrills claimed that he took no part in the robbery and refused Douglas' offer of a portion of the property stolen from Schaefer.

The jury chose to accept Schaefer's version of events and rejected Merrills' claims of self-defense and lack of participation in the robbery. On direct appeal, our court explained that "ample circumstantial evidence" supported Merrills' attempted second-degree murder conviction and "[t]he record clearly shows that defendant was guilty of aggravated robbery by force or threat with a dangerous weapon." *Merrills*, 2004 WL 421960, at *7. As summarized, the overall strength of the prosecution's case was great, which supports a finding that the district court's entry into the jury room and any subsequent ex parte communication was harmless error.

Turning to the second factor, Merrills' counsel did not object to the district court's entry into the jury room. Moreover, Merrills' counsel recorded no request to inquire of

11

the jurors or district court about what, if any, conversation took place. Because Merrills' counsel was aware of the district court's entry into the jury room when it took place, the lack of an objection suggests an understanding that no discussion would occur, or any discussion would be insignificant. See *State v. Corey*, 304 Kan. 721, 741, 374 P.3d 654 (2016).

The third factor considers whether the ex parte communications concerned a critical aspect of the trial or merely an insignificant matter. "Generally, an ex parte communication concerns a critical matter when the judge: (1) provides substantive information to jurors; (2) supplies jurors with instructions or evidence not admitted at trial; or (3) discusses possible juror prejudice and the ability of jurors to evaluate evidence objectively. [Citations omitted.]" *State v. Walker*, 308 Kan. 409, 417, 421 P.3d 700 (2018).

The record does not reflect what, if any, verbal discussion the district court had with the jury about the two questions. However, any communications consistent with the district court's written responses would be harmless. The district court's denial of the request for a dictionary implicated no critical aspect of the trial, no fact in controversy, and no applicable law. See *State v. Duncan*, 3 Kan. App. 2d 271, 275, 593 P.2d 427 (1979) (noting that consideration of dictionary definitions not admitted into evidence is error). "Reversal is unwarranted when the information communicated outside the defendant's presence is so vanilla." *Verser*, 299 Kan. at 790.

Unlike the insignificant nature of the dictionary request, the first portion of the jury's second set of questions sought clarification of the seventh instruction, which informed the jury that Merrills' attempted first-degree murder charge included lesser offenses and stated: "When there is a reasonable doubt as to which of two or more offenses defendant is guilty, he may be convicted of the lesser offense only." The jury

12

asked whether all the jurors must agree on having reasonable doubt about whether Merrills committed a higher offense to find him guilty of the lesser offense.

Regarding this question, the district court undoubtedly answered with a correct statement of the law by replying that the jurors need not unanimously agree to acquit Merrills of a greater charge to convict him of a lesser charge. See *State v. Parker*, 301 Kan. 556, 562, 344 P.3d 363 (2015). As a result, Merrills fails to show how any communication with the jury would have been different if he or his counsel would have been present during an ex parte communication. We note that, although Merrills' counsel failed to move for a new trial based on the ex parte communication, we do not hold the fourth factor against Merrills because he was unaware of any potential communication and he is alleging his trial counsel was ineffective for failing to pursue this claim in a motion for new trial. See *State v. Herbel*, 296 Kan. 1101, 1114-15, 299 P.3d 292 (2013).

After reviewing the relevant four factors set out by our Supreme Court, we conclude that the district court's entry into the jury room and any ex parte communication consistent with the district court's written responses would be harmless beyond a reasonable doubt.

We recognize that since no record was made of the district judge's entrance into the jury room, we cannot be sure what, if anything, was said between the judge and the jurors. We will not find error simply based on speculation. However, assuming error, the district judge's entry itself and any ex parte communication consistent with her written responses to the juror's questions was harmless error. While other hypothetical ex parte communications may have taken place, Merrills does not allege that any additional discussions occurred, and he fails to address how any communication affected the outcome of the trial. Accordingly, we find that Merrills has failed to establish exceptional circumstances that justify consideration of the claims in his successive motion.

Since Merrills has failed to establish that exceptional circumstances exist, the district court did not err by summarily dismissing his second K.S.A. 60-1507 motion as successive.

Affirmed.